IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WEALTH BUILDING CORNERSTONES LLC,

                                                ORDER

                Plaintiff,

                                                13-cv-456-bbc

   v.

LEAP SYSTEMS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Wealth Building Cornerstones LLC is suing defendant Leap Systems, Inc. for declaratory relief related to whether a reseller agreement between them has expired, whether plaintiff's product includes any of defendant's intellectual property and whether plaintiff infringed defendant's intellectual property.  Defendant filed a motion to dismiss or, in the alternative, to transfer, dkt. #7, which has been fully briefed.

      While reviewing the parties' briefs, I discovered a potential jurisdiction problem. Defendant says in its brief that plaintiff had not named it properly in the complaint but agrees that it is the intended defendant.  Dkt. #8, at 1, n.1.  Plaintiff acknowledges this mistake in its surreply and says that defendant is "now a limited liability company."  Dkt. #19, at 1, n.1.  Furthermore, plaintiff says, it "will amend its complaint, or file a new complaint, to identify the new Leap entity as a defendant after the resolution of Leap's current motion."  Id.  However, plaintiff does not identify the citizenship of the memebers

1

of the limited liability company. Until it does, I cannot determine whether subject matter jurisdiction exists and, without I can do that, I cannot rule on defendant's motion to dismiss. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (jurisdiction is threshold matter that must be established before resolving issues on merits).

When plaintiff filed its complaint in this court, it relied on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires plaintiff to show that it and defendant are citizens of different states and that the amount in controversy exceeds $75,000. Plaintiff alleged that it is a limited liability company with members that are citizens of Wisconsin and Indiana. Dkt. #1, at 2. Plaintiff identifies the state of incorporation and principal place of business of defendant as New Jersey, but it has not advised the court of the citizenship of each of defendant's members, which it must do if defendant is actually a limited liability company and was so at the time the complaint was filed. Copeland v. Penske Logistics, LLC, 675 F.3d at 1043. See also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

As the proponent of jurisdiction, plaintiff bears the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiff an opportunity to amend its complaint or to file evidentiary materials showing the citizenship of defendant's members. Because the parties are waiting for a ruling on

defendant's motion, I am ordering plaintiff to respond quickly. I expect defendant to cooperate with plaintiff and respond expeditiously to the extent plaintiff requires discovery from defendant.

ORDER

IT IS ORDERED that plaintiff Wealth Building Cornerstones LLC may have until November 27, 2013, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332. If plaintiff fails to respond by that date, I will dismiss this the case for lack of jurisdiction.

Entered this 20th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge